PEOPLE v. PERKINS

ROBBERY—ASSAULT WITH INTENT TO ROB—PLEA OF GUILTY—EXAMI-
NATION OF DEFENDANT—CRIMINAL PURPOSE.

> Trial court did not err in accepting a plea of guilty of assault
> with intent to rob being armed where, in narrating his
> part in the offense, defendant said that he and his accom-
> plices went in a store to rob it, then he "kind of changed"
> his mind and went to his car and the record shows that de-
> fendant drove his accomplices away from the scene knowing
> that they had robbed the store and he later demanded a
> share of the money taken in the robbery because he felt
> entitled to it by virtue of having driven the car, because
> defendant's equivocation at arraignment did not establish
> that he abandoned his criminal purpose (MCLA § 750.89).

Appeal from the Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 October 27, 1970, at Lansing. (Docket No. 9126.) Decided December 8, 1970.

Eric Perkins was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 484–496.
Court's duty to advise or admonish accused as to consequences
    of plea of guilty, or to determine that he is advised thereof.
    97 ALR2d 549.

Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Olejnik,* for defendant on appeal.

Before: McGregor, P. J., and Bronson and Danhof, JJ.

Per Curiam. The people move to affirm (GCR 1963, 817.5[3]) defendant's conviction, on plea of guilty, of assault with intent to rob being armed, contrary to MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

On appeal, defendant contends that the court erred in accepting his plea because, while narrating his part in the offense, he said:

"I drove around the corner. We went back to Good Housekeeping Store and we went in to, to rob it. *And then I kind of changed my mind and I left.* Well, I didn't leave the scene of the crime, I went back around the corner to my car.

"And by the time I got back around to the car, the three came out running and we got in the car and I had asked them had they shot anybody, and they said 'no'." (Emphasis supplied.)

Defendant's equivocation at arraignment does not establish that he abandoned his criminal purpose. The record shows that defendant, after leaving the store, drove his accomplices away from the scene, knowing that they had robbed the store, and that he later demanded a share of the money taken in the robbery because he felt entitled to it by virtue of the fact that he had driven the car.

It is manifest that the question raised, on which decision of the cause depends, is so unsubstantial as to need no argument or formal submission.

Motion to affirm is granted.